IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA PACE<br><br>Plaintiff,<br><br>v.<br><br>ODYSSEY LOGISTICS AND TECHNOLOGY CORPORATION, ODYSSEY OVERLAND, LLC, and CAPITAL TRANSPORTATION SOLUTIONS, LLC.,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.:<br><br><br>[On removal from the State Court of Gwinnett County, Georgia Civil Action File No. 21-C-03452-S5] |

## **NOTICE OF REMOVAL**

COMES NOW Defendant Odyssey Logistics & Technology Corporation

("Odyssey Logistics"), by and through the undersigned counsel, without waiving

any defenses as to personal jurisdiction, venue, process, or service of process, and

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 hereby files this Notice of Removal,

respectfully showing the Court as follows:

1.

On May 5, 2021, Plaintiff filed suit against the above-captioned Defendants

in the State Court of Gwinnett County, Georgia, Civil Action File No.: 21-C-03452-

S5.  A copy of all pleadings and process served upon Defendants are attached hereto as Exhibit "A".

2.

According to her Complaint, Plaintiff seeks to recover for injuries sustained as a result of a January 5, 2019, motor vehicle accident that occurred in Dade County, Georgia.

3.

On June 4, 2021, Plaintiff and Defendants filed a Consent Motion to Dismiss Fewer Than All Parties, agreeing to drop Defendants Odyssey Overland, LLC and Capital Transportation Solutions, LLC from this case.  *See* Ex. "A".

4.

As such, Defendant Odyssey Logistics now respectfully exercises its statutory right to remove this case to the United States District Court for the Northern District of Georgia.

**Complete Diversity Jurisdiction Exists**

5.

According to Plaintiff's Complaint and upon information and belief, at the time of the filing of the Complaint Plaintiff was a citizen of the State of Alabama.

6.

At the time of the filing of the Complaint and to-date Defendant Odyssey

Logistics was, and currently remains, a corporation organized under the laws of the

State of Delaware with its principal place of business located at 39 Old Ridgebury

Road, Danbury, Connecticut 06810.  A true copy of Odyssey Logistics' Connecticut

Secretary of State registration is attached hereto as Exhibit "B".  Odyssey Logistics

is a citizen of either Delaware of Connecticut for purposes of determining diversity

jurisdiction.  *See Kong v. Allied Pro. I. Ins. Co.*, 750 F.3d 1295, 1299 (11th Cir.

2014) ("[a] corporation is generally deemed to be a citizen of every state in which it

is incorporated, as well as the state in which it maintains its principal place of

business.").

7.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen

of both the state of its incorporation and the state where it has its principal place of

business. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93

(2010) (defining a corporation's principal place of business as the "place where a

corporation's officers direct, control, and coordinate the corporation's activities").

As such, Defendant Odyssey Logistics is a citizen of the State of Connecticut, not

the State of Georgia.

8.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendant for purposes of 28 U.S.C. § 1332(c)(1).

**The Amount in Controversy Exceeds $75,000.00**

9.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(a).  Plaintiff does not specify the amount of damages or recovery sought in her Complaint.  However, Plaintiff alleges that she is entitled to damages "including but not limited to medical expenses, past and future; physical pain and mental suffering; loss of enjoyment of life; permanent injury; damage to personal property; and lost wages and earning capacity, past and future."  Ex. "A", Complaint, ¶ 30.

10.

A defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Evidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when "the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*

11.

Upon information and belief, Plaintiff seeks judgment against Defendant Odyssey Logistics for sums more than $75,000.00, exclusive of interests and costs due to the variety of the nature of the damages alleged in Plaintiff's Complaint.

## Removal is Timely

12.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Odyssey Logistics being served on May 5, 2021.  *See* Fed. R. Civ. P. 6(a)(1)(C).  This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Odyssey Logistics of a copy of the initial pleading setting forth the claim upon which this action is based.

## Venue is Proper in the Northern District

13.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(a-b) because there is complete diversity of citizenship between Plaintiff and Defendant Odyssey Logistics, and the matter in controversy exceeds the sum of $75,000.00.

12.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Gwinnett County.  *See* 28 U.S.C. § 90(a)(2).

**Removal is Proper**

13.

No previous application for the relief sought herein has been made to this or any other Court.

14.

Good and sufficient defenses to Plaintiff's claims exist.

15.

Now, within thirty (30) days after service on Defendant Odyssey Logistics, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

16.

Defendant Odyssey Logistics has given written notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the State Court of Gwinnett County.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "C".

WHEREFORE it is hereby requested that this Court grant the removal of this

case to the United States District Court for the Northern District of Georgia, Atlanta

Division, in which district this suit is pending.

Respectfully submitted this 4th day of June 2021.

MCMICKLE KUREY & BRANCH, LLP

*/s/ Derron B. Bowles*
SCOTT W. MCMICKLE
Georgia Bar No. 497779
DERRON B. BOWLES
Georgia Bar No. 928313
***Attorneys for Defendant Odyssey Logistics
and Technology Corporation***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Fax: (678) 824-7801
swm@mkblawfirm.com
dbowles@mkblawfirm.com

*Christina Pace v. Odyssey Logistics & Technology Corporation; Odyssey
Overland, LLC; and Capital Transportation Solutions, LLC*
On removal from the State Court of Gwinnett County
Georgia Civil Action File No. 21-C-03452-S5
**Notice of Removal**

-8-

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing pleading complies with

the font and point selections approved by the Court in Local Rule 5.1C. This brief

has been prepared in Times New Roman font, 14 point.

*/s/ Derron B. Bowles*
DERRON B. BOWLES
For the Firm

-9-

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Patrick A. Cruise, Esq.
The Hamilton Firm
P.O. Box 158
Rossville, GA 30741
pac@thehamiltonfirm.com
***Attorney for Plaintiff***

This 4th day of June, 2021.

*/s/ Derron B. Bowles*
DERRON B. BOWLES
For the Firm